St. Louis-San Francisco Railway Company *v.* Britton.

Opinion delivered October 20, 1930.

*E. T. Miller, E. L. Westbrooke, Jr.,* and *E. L. West-brooke,* for appellant.

*Dudley & Dudley,* for appellee.

Smith, J. Appellee, Ed Britton, recovered judgment against the appellant railway company to compensate a personal injury, and as tending to support the right to recover the following testimony was offered. Appellee's and other colored families were emigrating from Kewanee, Missouri, to Wilbeth, Arkansas, and they chartered from the appellant railway company two box cars in which to move their personal effects, consisting of household goods, farming implements, and some mules and chickens.

The waybill issued by the railway company recited that an owner would accompany each car, and appellee assumed charge of one car, and Ed Bishop assumed charge of the other. A local freight train picked up the cars at Kewanee, and carried them to Hayti, Missouri, where they arrived about dark, and where they remained until about 2 p. m. of the following day, when they were picked up by a through freight train and carried to Harvard, Arkansas, where they were transferred to another train and later carried to their destination.

Appellee and Bishop remained in the cars while they were standing at Hayti to protect their contents and to attend to the stock and chickens. In watering the chickens, the coops containing them had been disarranged, and appellee was engaged in rearranging them, in anticipation of the resumption of the journey, when the through freight train came along. Appellee testified that, while he was so engaged and without knowing that the train had arrived, the engine of that train bumped into his car, with such unexpected force and violence that he turned a somersault, the chicken coops were thrown down and one of them was broken open and the chickens escaped therefrom and flew away. A brakeman admitted that he saw two chickens fly out of the car. Some of the household goods were damaged, and some dishes broken.

This testimony is sufficient to support the finding that there had been a collision which would not have occurred but for the negligent operation of the portion of the train to which the engine was attached, and was not such a jar as might reasonably be expected in the ordinary operation of a freight train. The testimony was therefore sufficient to support a finding of negligence, both under the law of this State, where the trial was had, or under the law of Missouri, where the injury occurred. *St. Louis-San Francisco Ry. Co.* v. *Coy*, 113 Ark. 265, 168 S. W. 1106.

For the reversal of the judgment it is insisted that the plaintiff had no right to be where he was without

notifying the trainmen of his position. This assignment of error may be disposed of by saying that the waybill gave this notice. Appellee had the right to be in this car, and the train crew should have anticipated that he was exercising that right.

It is insisted that there was a caboose to the freight train, in which appellee had the right to ride, and where, if he had been, he would have been safe and would not have been injured. There are two obvious answers to this insistence. The first has been stated, and that is that he had the right to be in his car. The train crew testified that they did not know appellee was in the car and called out at the door of the car to see if there was an occupant in it, but received no response. This was denied by both appellee and Bishop, and this issue of fact was submitted to the jury and is concluded by the verdict. The second answer is that appellee's car and the other car had been standing on the sidetrack for nearly a day, and there was no caboose which they could have occupied until the arrival of the train, and the first knowledge appellee had of its arrival was when he was turned a somersault.

Error is assigned in the modification of an instruction numbered 2, requested by appellee, which, as asked, read as follows: "The court instructs you (that it is not practical to operate a freight train without occasional jars and jerks which may throw off his balance one standing in a freight car, and you are further instructed) that in the operation of its freight trains the defendant is required to exercise only the highest degree of care that is usually and practically exercised and consistent with the operation of trains of that nature." The court modified the instruction by striking out the portion thereof included in the parentheses.

There was no error in this modification. The instruction, as requested, contained a charge upon the facts. It contained, as a declaration of law, a recital which was a question of fact. It was, of course, competent

for the railway to show that it was not practical to operate a freight train without occasional jars and jerks, and testimony to this effect was admitted without objection. But the instruction required that the railway "exercise only the highest degree of care that is usually and practically exercised and consistent with the operation of trains of that nature" and therefore submitted to the jury the truthfulness of the testimony of the railway company whether the jar in question was one to be anticipated in the practical operation of a freight train. *Beasley* v. *Hines,* 143 Ark. 54, 219 S. W. 757, 15 A. L. R. 864; *Meeks* v. *Graysonia, N. & A. R. Co.,* 168 Ark. 966, 272 S. W. 360.

It is the theory of the railway company that appellee was not injured by a collision at Hayti, but that he received such injury as he, in fact, sustained at Harvard, after the train reached that place, by. falling out of a door of the car. But this issue of fact was submitted to the jury, and the testimony amply sustains the finding that appellee received his injury at Hayti, and did not fall out of the car at Harvard.

It is further earnestly insisted that the verdict is excessive, and this is the difficult question in the case. The jury returned a verdict for $1,500, and there was a judgment for that amount.

Appellee testified that his foot caught between a crate of chickens and the wall of the car, and that his back was wrenched as he fell, and that he was still suffering from the injury at the time of the trial, which was nearly two years after the date of the injury. He offered, upon his cross-examination, to submit to an examination by any doctor, but the offer was not accepted. He had bought $8 worth of liniment, with which his back was rubbed, but obtained no permanent relief. His landlord sent him to a doctor, who treated him, and he supposed his landlord paid the doctor's bill, but as he did not know the amount of the bill the jury was directed to allow nothing for the medical treatment; yet it was com-

petent for the jury to consider that he did receive medical treatment as bearing upon the extent of his injury. He made two crops after his injury, and had done much of all the work necessary for this purpose, but he testified that his efficiency was impaired, and that he was required to hire labor which would not otherwise have been done. Upon a consideration of all the testimony we are unable to say that the verdict is excessive.

As no error appears, the judgment must be affirmed, and it is so ordered.